UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| EDWARD WICKLEY and NORMAN HERALD MCKELDIN, JR., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | No.1:08-cv-218 *Edgar* |
| CHATTANOOGA HOUSING AUTHORITY, | ) ) ) | |
| *Defendant.* | ) | |

## MEMORANDUM AND ORDER

Defendant Chattanooga Housing Authority moves to sever this action brought by Plaintiffs Edward Wickley and Norman Herald McKeldin, Jr. [Court Doc. No. 8]. Plaintiffs oppose the motion, but have indicated to this court that they have no further evidence in support of their position to provide this court after a period of time for discovery has elapsed. [Court Doc. Nos. 9, 21].

The court has considered the briefs of the parties, the applicable law, and the record and has determined that it will **GRANT** Defendant's motion to sever.

Federal Rule of Civil Procedure 20 provides that plaintiffs may be joined together in one action if they "(A) assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A). Based on the evidence submitted by Defendant in support of its position that its separate lay-off of Plaintiffs did not constitute one series of transactions or occurrences, this

court concludes that Plaintiffs' actions are not properly joined. *See* [Court Doc. No. 7-1, Affidavit of David Andrew Lawrence, Jr. ("Lawrence Aff.")]. Plaintiffs have not submitted any evidence refuting Mr. Lawrence's description of the dissimilarities of the terminations of Plaintiffs. Mr. Lawrence has attested that the Plaintiffs' terminations from employment occurred several weeks apart. Lawrence Aff., ¶¶ 3-8. Each Plaintiff was employed in a different division of the Defendant working under different supervisors. *Id.* at ¶¶ 5-6. Different decisionmakers made the separate decision to lay-off each Plaintiff. *Id.* at ¶ 9. Plaintiffs' own Amended Complaint describes other ways in which their employment with Defendant differed. *See e.g.,* [Court Doc. No. 18, Amended Complaint, ¶¶11, 16]. From the evidence submitted to this court, it does not appear that there will be large amounts of overlapping testimony and evidence in support of both Plaintiffs' claims. Therefore, severing these cases will not reduce judicial efficiency and may reduce juror confusion. How this court handles misjoinder is within this court's sound discretion. *See Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

**ORDER**

Therefore, it is hereby **ORDERED** that Defendant's motion to sever is **GRANTED**. The clerk of the court is directed to open a separate action relating to Plaintiff Norman Herald McKeldin, Jr. versus the Chattanooga Housing Authority. Plaintiff Norman Herald McKeldin, Jr. is hereby **TERMINATED** from this action. The filing fee pertaining to Plaintiff McKeldin's new action is hereby **WAIVED**. The parties' Amended Complaint [Court Doc. No. 18] and Answer to Amended Complaint [Court Doc. No. 19] shall serve as the complaint and answer in the newly opened action pertaining to Plaintiff McKeldin and Defendant Chattanooga Housing

Authority. A separate scheduling order will issue in the action pertaining to Plaintiff McKeldin.

SO ORDERED.

ENTER this the 7th day of May, 2009.

                                   */s/ R. Allan Edgar*
                                   R. ALLAN EDGAR
                           UNITED STATES DISTRICT JUDGE